UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                                                                                     Case No. 1:18-cr-274-02
                                                                                      Hon. Paul L. Maloney
                    Plaintiff,                    U.S. District Judge

v.

LACY L. ZIMMERMAN,

                    Defendant.
_____/

**DEFENDANT'S AMENDED MEMORANDUM FOR SENTENCING AND IN SUPPORT OF MOTION FOR VARIANCE UNDER 18 U.S.C. § 3553(a)**

---

**Sentencing hearing scheduled for May 24, 2019, at 8:30 a.m.**

I.     Introduction.

      Lacy Lynn Zimmerman appears for sentencing following her guilty plea to theft of firearms, contrary to 18 U.S.C. § 924(m). She helped her boyfriend steal guns to trade for methamphetamine. Her crime is a felony that carries a maximum penalty of 10 years in prison.

      Ms. Zimmerman's childhood was marred by her parents' substance abuse and early death. Her maternal grandparents cared for her during her early childhood. She became addicted to heroin, but overcame that addiction following residential treatment, yet sadly turned to methamphetamine. She is young—22 and intelligent. These

1

characteristics support a moderate sentence, long enough to promote respect for the law, deter others, and give her the chance to rehabilitate herself.

She asks the Court to impose a sentence of 48 months.

To that end she has filed a motion for a variance from the sentencing range of 120 months suggested by the guidelines.

II.     Law of Sentencing.

The Court must consider the sentence range that the sentencing guidelines advise, but must also follow the law which requires a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing found at 18 U.S.C. § 3553(a).

III.    Statutory Sentencing Factors Under 18 U.S.C.§ 3553(a).

1. <u>18 U.S.C. § 3553(a)(1): The Nature of the Offense</u>.

Ms. Zimmerman and her boyfriend, co-defendant Matteo Marroquin, were addicted to methamphetamine. To get money to buy drugs and knowing that his drug supplier, Andrew Leenheer, would give him drugs in exchange for guns, Marroquin decided to break into the Graafschap Hardware Store in Holland, Michigan to steal guns. With full knowledge of his plans, Ms. Zimmerman agreed to help. The break in took place on December 8, 2018. Ms. Zimmerman watched as Marroquin broke into the store, then followed him inside and helped him take 22 firearms. Marroquin traded two of them to Leenheer for drugs. Police recovered the rest of the guns when they arrested Marroquin and Zimmerman two days after the theft.

2. <u>18 U.S.C. § 3553(a)(1): The History and Characteristics of the Defendant</u>.

Ms. Zimmerman was born on June 15, 1996. Her characteristics are accurately set forth in paragraphs 90–102 of the presentence investigation report (PSR) and tell a sad tale.

Her mother struggled with drug abuse before she was killed in an accident when Ms. Zimmerman was seven years old. Her father was not married to her mother and died from a drug overdose. Ms. Zimmerman spent most of her childhood with her grandparents but at age 10 went to live with friends of her grandparents.

She began to use drugs as a teenager. She married at age 17 and had a daughter at age 18. She was divorced, then had a child with another man who shared her heroin addiction. He died of a heroin overdose in 2018.

She met co-defendant Marroquin in early 2018, and the two began using methamphetamine. To get money for drugs they turned to theft. They have charges pending in Allegan County for breaking and entering a building, malicious destruction of a building, and larceny in a building from incidents that took place in November and December 2018 before the gun theft. Ms. Zimmerman is approximately 6 months pregnant with co-defendant Marroquin's child.

She has several convictions related to her drug abuse, including two convictions for organized retail crime, a conviction for retail fraud, and a conviction for delivery of less than 50 grams of cocaine. See PSR ¶¶ 76–88.

Ms. Zimmerman completed a 90 day residential treatment program for her heroin addiction and stopped using heroin. Quitting heroin is a major achievement. See Exhibit 1, Ottagan Addictions Recovery records. Yet, unfortunately, after discharge from out-patient treatment, she turned to methamphetamine.

Ms. Zimmerman is bright, writes well, and has worked on completing her GED while at the Allegan County Jail.

3. 18 U.S.C. § 3553(a)(2): Purposes of Sentencing: Just Punishment, Deterrence, Protecting the Public, and Rehabilitation for Defendant.

Ms. Zimmerman was convicted of a serious offense. Her sentence must punish her, deter others, and promote her rehabilitation.

4. 18 U.S.C. § 3553(a)(3): Kinds of Sentences Available.

The Court may sentence Ms. Zimmerman to any sentence ranging from probation to 10 years in prison.

5. 18 U.S.C. § 3553(a)(4): Sentencing Guidelines.

The PSR calculates the sentencing range at 120 months based on an offense level score of 33 and a criminal history category score of IV.[1]

For the reasons set forth in the discussion of the offense Ms. Zimmerman asks for a role adjustment of two levels because she played a minor role in the offense. But even if

---

[1] The guideline sentencing range for offense level 33, criminal history category IV is 188–235 months. Since this range exceeds the statutory maximum sentence of 120 months the range becomes 120 months. USSG Ch. 5 Pt. A, Sentencing Table, USSG § 5G1.1(a).

the Court grants her request, her sentencing range would not change since the sentencing range for offense level 31, criminal history category IV is 151–188 months and exceeds the statutory maximum sentence of 120 months. USSG Ch. 5 Pt. A, Sentencing Table, USSG § 5G1.1(a).

>   USSG § 3B1.2 is the guideline that addresses mitigating role. It says:
>
>>   Based on the defendant's role in the offense, decrease the offense level as follow:
>>   (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>>   (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>>   In cases falling between (a) and (b), decrease by 3 levels.

USSG § 3B1.2.

The guideline applies to a defendant who plays a part in committing the offense that makes her substantially less culpable than the average participant. USSG § 3B1.2 cmt. n. 3(A). Role depends on a fact-based determination after looking at the totality of the circumstances. The Court should consider a non-exhaustive list of factors, including:

>   (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
>   (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
>   (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
>   (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in

performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n. 3(C).

The "application of a mitigating-role reduction . . . is a fact-based determination that requires careful balancing." *United States v. Nicholson*, 716 F. App'x 400, 422 (6th Cir. 2017). The probation officer does not think that Ms. Zimmerman qualifies for a role adjustment. But some circumstances of the offense support an adjustment.

Ms. Zimmerman did not plan or organize the criminal activity and did not exercise decision-making authority or influence the exercise of decision-making authority. She went along, willingly, with Mr. Marroquin and helped him steal the firearms from the hardware store, but she was not the one that negotiated with Andrew Leenheer or sold the guns to him.

6. 18 U.S.C. § 3553(a)(5): Policy Statements Issued by the Sentencing Commission.

Not applicable

7. 18 U.S.C. § 3553(a)(6): Need to Avoid Unwarranted Sentence Disparities.

Not applicable

8. 18 U.S.C. § 3553(a)(7): Need to Provide Restitution.

***Ms. Zimmerman agrees that the Court must order restitution. She agrees with the factual information set forth in paragraphs 49–54 of the PSR. However, all the***

*guns listed as stolen in the indictment were recovered. PSR paragraphs 25, 30. On information and belief, they remain in police custody. Presumably when the case is concluded they will be turned over to the insurance company and sold. The Court should defer ordering restitution other than for the $750 to Graafschap Hardware for its deductible and out-of-pocket expenses until the guns are sold and the actual loss is known. The statute permits the Court to set a date, not to exceed 90 days after sentencing, for final determination of the victims' losses. 18 U.S.C. § 3664(d)(5).*

*The Court should also make the restitution joint and several with co-defendant Marroquin and with co-defendant Leenheer, at least to the extent of Mr. Leenheer's level of contribution to the victim's loss. 18 U.S.C. § 3664(h).*

IV.  Conclusion.

Sentencing is individualized in our legal system, despite the existence of sentencing guidelines, and it is part of our tradition that "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487–88 (2011).

Here, Ms. Zimmerman's youth, childhood, and loss of her parents can support a below-Guidelines sentence

Ms. Zimmerman's youth is a valid consideration for the Court. "Immaturity at the time of the offense conduct is not an inconsequential consideration. Recent studies on the development of the human brain conclude that human brain development may not become

complete until the age of twenty-five. . . . While age does not excuse behavior, a sentencing court should account for age when inquiring into the conduct of a defendant." *Gall v. United States*, 552 U.S. 38, 58 (2007) (quoting district court's ruling with approval).

Ms. Zimmerman's disadvantaged childhood and her personal history can also support a sentence below the guideline range. "[A]buse suffered during childhood—at some level of severity— can impair a person's mental and emotional conditions." *United States v. Rivera*, 192 F.3d 81, 84 (2nd Cir. 1999). *See United States v. Samuels*, 2009 W.L. 875320 (S.D. N.Y., April 2, 2009) (imposing below-Guidelines sentence when the defendant "was raised under poor economic circumstances with an abusive father addicted to crack.").

The early loss of parents is another consideration that can support a below-Guidelines sentence. *United States v. Collington*, 461 F.3d 805 (6th Cir. 2006) (affirming below-Guidelines sentence when defendant's father was murdered when defendant was 9-years-old and his mother died of cancer two years later).

In addition to a below-Guidelines sentence, Ms. Zimmerman asks the Court to recommend substance abuse treatment while she is in prison.

Dated:  May 13, 2019                                  Respectfully submitted,

                                                      /s/ Kenneth P. Tableman
                                                      Kenneth P. Tableman

                                                    Kenneth P. Tableman, P.C.
Attorney for Defendant Lacy Lynn Zimmerman
161 Ottawa Avenue, Suite 404
Grand Rapids, MI 49503
(616) 233-0455